**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND HUNT,

               Plaintiff - Appellant,

   v.

M. RAMIREZ, Correctional Supervisor;
MARQUEZ,

               Defendants - Appellees.

No. 14-55325

D.C. No. 3:11-cv-00528-H-PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

    Raymond Hunt, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force

and retaliation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Hunt's excessive force claim because Hunt failed to raise a genuine dispute of material fact as to whether defendant Ramirez used more than a de minimis amount of force or that Ramirez acted "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 9-10 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Hunt's retaliation claim because Hunt failed to raise a genuine dispute of material fact as to whether Ramirez was aware that Hunt filed a prison grievance and took adverse action against him because the protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a § 1983 retaliation claim in the prison context).

We do not consider evidence not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.")

14-55325

Hunt's motion for appointment of counsel, filed on October 10, 2014, is denied.

**AFFIRMED.**